# EXHIBIT A

FLEISCHER, FLEISCHER & SUGLIA
BRIAN M. FLEISCHER, ESQUIRE
NICOLA G. SUGLIA, ESQUIRE
JACLYN SCARDUZIO DOPKE, ESQUIRE
Plaza 1000 At Main Street, Suite 208
Voorhees, NJ 08043
(856) 489-8977

Attorney for Plaintiff

| | |
|---|---|
| JDB Leasing, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Advanced Medical Solutions of Doylestown, Inc. and Todd Broad<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY - LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: L-3517-10<br><br>SUMMONS |

From The State of New Jersey
To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay for all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:

/s/ Jennifer M. Perez
Jennifer M. Perez
Clerk of the Superior Court

**Name of Defendant to be Served:** **Todd Broad**

**Address of Defendant to be Served:** **5039 Swamp Road, Suite 406**
**Fountainville, PA 18923**

# LAWYER REFERRAL SERVICES

Atlantic County Bar Association
Lawyer Referral Service
Atlantic County Court House, 1201 Bacharach Blvd.,
Atlantic City 08401
(609) 345-3444; Fax (609) 345-6279
E-mail: atcobar@aol.com
Internet: www.atcnbar.org
Exec. Dir.: Mary Williams Brevio

Bergen County Bar Association
Lawyer Referral Service
15 Bergen St., Hackensack 07601
(201) 488-0044
Administrator: Lucy Vargues

Burlington County Bar Association
Lawyer Referral Service
45 Grant St., Mount Holly 08060
(609) 261-4862, Fax (609) 261-5423
Internet: www.burlcobar.org
Director: Kara E. Edens
(609) 261-4542

Camden County Bar Association
Lawyer Referral Service
1040 Kings Hwy N., Suite 201, Cherry Hill 08034
(856) 482-0618; Fax (856) 482-0637
Internet: www.camdencountybar.org
Manager: Denise K. Whybark

Cape May County Bar Association
Lawyer Referral Service
Rt. 9, Main St., P.O. Box 425,
Cape May Court House 08210
(609) 463-0313; Fax (609) 463-1656
E-mail: cmcba@comcast.net
Director: Susan Fuller

Cumberland County
Lawyer Referral Service
P.O. Box 2374, Vineland 08362
(856) 696-5550; Fax (856) 696-5558
Exec. Dir.: Lou Ann Pessolli-Brooks

Essex County Bar Association
Lawyer Referral Service
Essex County Historic Cthse. Room B01
470 Dr. Martin Luther King, Jr. Blvd. Newark 07102
(973) 622-6204; Fax (973) 622-4341
Internet: www.essexbar.com
Administrator: Iraida Mendez
(973) 622-6207, Ext. 14

Gloucester County Bar Association
Lawyer Referral Service
70 Hunter St., Justice Complex, P.O. Box 338
Woodbury 08096
(856) 848-4589; Fax (856) 384-2580
Internet: www.gcbanj.org
Exec. Dir.: Lynn A. Silverstein
(856) 848-4071

Hudson County Bar Association
Lawyer Referral Service
583 Newark Ave., Jersey City 07306
(201) 798-2727; Fax (201) 798-1740
E-mail: hcba.law@verizon.net
Director: Lisa Burke
(201) 798-4708

Hunterdon County Bar Association
Lawyer Referral Service
P.O. Box 573, Annandale 08801
(908) 236-6109; Fax (908) 236-6119
Internet: www.huntcolaw.org
Director: Jeannine Carmen

Mercer County Bar Association
Lawyer Referral Service
1245 Whitehorse Mercerville Rd., Suite 420,
Hamilton 08619-3894
(609) 585-6200; Fax (609) 585-5537
E-mail: info@mercerbar.com
Internet: www.mercerbar.com
Director: Christine S. Brennan

Middlesex County Bar Association
Lawyer Referral Service
85 Bayard St., New Brunswick 08901
(732) 828-0053
Internet: www.mcbalaw.com
Exec. Dir.: Jonathan P. Cowles
E-mail: jcowles@mcbalaw.com
Administrator: Pattyann Pulda
E-mail: ppulda@mcbalaw.com

Monmouth Bar Association
The Lawyer Referral Service
Courthouse, Freehold 07728
(732) 431-5544; Fax (732) 431-8843
Exec. Dir.: Tracey A. Sellitsene

Morris/Sussex County Bar Association
Lawyer Referral Service
28 Schuyler Pl., Morristown 07960
(973) 267-5882; Fax (973) 605-0926
Coordinator: Yoralis Perez
(973) 267-6089, Ext. 12
E-mail: yperez@morriscountybar.com

Ocean County Bar Association
Lawyer Referral Service
Courthouse, P.O. Box 381, Toms River 08754
(732) 240-3666; Fax (732) 240-4907
E-mail: ocba@verizon.net
Director: Karin Poole

Passaic County Bar Association
Lawyer Referral Service
Courthouse, 2nd Floor, 77 Hamilton St., Paterson 07505
(973) 278-9223
Secretary: Dianne Grosso

Salem County Bar Association
Lawyer Referral Service
(856) 935-5629

Somerset County Bar Association
Lawyer Referral Service
325 Historic Courthouse, 3rd Floor, 20 N. Bridge St.,
P.O. Box 1095, Somerville 08876-1095
(908) 685-2323, Fax (908) 685-9839
Internet: www.somersetbar.com
Exec. Dir.: Carol Ann Winder
E-mail: cawinder@somersetbar.com

Union County Bar Association
Lawyer Referral Service
Courthouse, 1st Floor, Elizabeth 07207
(908) 353-4715; Fax (908) 354-8222
Exec. Dir.: Jeffrey M. Clar
Administrator: Tracy Foster
*Mon.-Thurs. 10 A.M.-3 P.M.*

Warren County Bar Association
Lawyer Referral Service
413 Second St., Belvidere 07823
(908) 387-1835
E-mail: warrencountybar@yahoo.com
Exec. Dir.: Vacancy at Press Time

FLEISCHER, FLEISCHER & SUGLIA
BRIAN M. FLEISCHER, ESQUIRE
NICOLA G. SUGLIA, ESQUIRE
JACLYN SCARDUZIO DOPKE, ESQUIRE
Plaza 1000 At Main Street, Suite 208
Voorhees, NJ 08043
(856) 489-8977

Attorney for Plaintiff

| | |
|---|---|
| IDB Leasing, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Advanced Medical Solutions of Doylestown, Inc. and Todd Broad<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY- LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: L-3517-10<br><br>SUMMONS |

From The State of New Jersey
To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 for Law Division and $135.00 for Chancery Division and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay for all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated:

/s/ Jennifer M. Perez
Jennifer M. Perez
Clerk of the Superior Court

**Name of Defendant to be Served:** **Todd Broad**

**Address of Defendant to be Served:** **5039 Swamp Road, Suite 406
Fountainville, PA 18923**

# LAWYER REFERRAL SERVICES

Atlantic County Bar Association
Lawyer Referral Service
Atlantic County Court House, 1201 Bacharach Blvd.,
Atlantic City 08401
(609) 345-3444; Fax: (609) 345-6279
E-mail: atcobar@aol.com
Internet: www.atcobar.org
Exec. Dir.: Mary Williams Berard

Bergen County Bar Association
Lawyer Referral Service
15 Bergen St., Hackensack 07601
(201) 488-0044
Administrator: Lucy Vargues

Burlington County Bar Association
Lawyer Referral Service
45 Grant St., Mount Holly 08060
(609) 261-4862; Fax: (609) 261-5423
Internet: www.burlcobar.org
Director: Kara E. Edens
(609) 261-4542

Camden County Bar Association
Lawyer Referral Service
1040 Kings Hwy. N., Suite 201, Cherry Hill 08034
(856) 482-0618; Fax: (856) 482-0637
Internet: www.camdencountybar.org
Manager: Denise K. Whybark

Cape May County Bar Association
Lawyer Referral Service
Rt. 9, Main St., P.O. Box 425,
Cape May Court House 08210
(609) 463-0313; Fax: (609) 463-1656
E-mail: cmcba@comcast.net
Director: Susan Fuller

Cumberland County
Lawyer Referral Service
P.O. Box 2374, Vineland 08362
(856) 696-5550; Fax: (856) 696-5558
Exec. Dir.: Lou Ann Ferrari-Brooks

Essex County Bar Association
Lawyer Referral Service
Essex County Historic Cthse., Room B01,
470 Dr. Martin Luther King, Jr. Blvd., Newark 07102
(973) 622-6204; Fax: (973) 622-4341
Internet: www.essexbar.com
Administrator: Iraida Mendez
(973) 622-6207, Ext. 14

Gloucester County Bar Association
Lawyer Referral Service
70 Hunter St., Justice Complex, P.O. Box 338,
Woodbury 08096
(856) 848-4589; Fax: (856) 384-9580
Internet: www.gcbanj.org
Exec. Dir.: Lynn A. Silverstein
(856) 848-4071

Hudson County Bar Association
Lawyer Referral Service
583 Newark Ave., Jersey City 07306
(201) 798-2727; Fax: (201) 798-1740
E-mail: hcba.law@verizon.net
Director: Lisa Burke
(201) 798-4708

Hunterdon County Bar Association
Lawyer Referral Service
P.O. Box 573, Annandale 08801
(908) 236-6109; Fax: (908) 236-6119
Internet: www.huntcolaw.org
Director: Jeannine Gorman

Mercer County Bar Association
Lawyer Referral Service
1245 Whitehorse Mercerville Rd., Suite 420,
Hamilton 08619-3894
(609) 585-6200; Fax: (609) 585-5537
E-mail: info@mercerbar.com
Internet: www.mercerbar.com
Director: Christine S. Brennan

Middlesex County Bar Association
Lawyer Referral Service
87 Bayard St., New Brunswick 08901
(732) 828-0053
Internet: www.mcbalaw.com
Exec. Dir.: Jonathan P. Cowles
E-mail: jcowles@mcbalaw.com
Administrator: Pellyann Pulda
E-mail: ppulda@mcbalaw.com

Monmouth Bar Association
The Lawyer Referral Service
Courthouse, Freehold 07728
(732) 431-5544; Fax: (732) 431-2843
Exec. Dir.: Tracey A. Settipane

Morris/Sussex County Bar Association
Lawyer Referral Service
28 Schuyler Pl., Morristown 07960
(973) 267-5882; Fax: (973) 605-8325
Coordinator: Yarelis Perez
(973) 267-6089, Ext. 12
E-mail: yperez@morriscountybar.com

Ocean County Bar Association
Lawyer Referral Service
Courthouse, P.O. Box 381, Toms River 08753
(732) 240-3666; Fax: (732) 240-4907
E-mail: ocba@verizon.net
Director: Karin Poole

Passaic County Bar Association
Lawyer Referral Service
Courthouse, 2nd Floor, 77 Hamilton St., Paterson 07505
(973) 278-9223
Secretary: Dianne Grosso

Salem County Bar Association
Lawyer Referral Service
(856) 935-5629

Somerset County Bar Association
Lawyer Referral Service
325 Historic Courthouse, 3rd Floor, 20 N. Bridge St.,
P.O. Box 1095, Somerville 08876-1095
(908) 685-2323; Fax: (908) 685-9839
Internet: www.somersetbar.com
Exec. Dir.: Carol Ann Winder
E-mail: cawinder@somersetbar.com

Union County Bar Association
Lawyer Referral Service
Courthouse, 1st Floor, Elizabeth 07207
(908) 353-4715; Fax: (908) 354-8222
Exec. Dir.: Jeffrey M. Clar
Administrator: Tracy Foster
*Mon.-Thurs. 10 A.M.-2 P.M.*

Warren County Bar Association
Lawyer Referral Service
413 Second St., Belvidere 07823
(908) 387-1835
E-mail: warrencountybar@yahoo.com
Exec. Dir.: Vacancy at Press Time

BURLINGTON COUNTY
SUPERIOR COURT
49 RANCOCAS ROAD
MT HOLLY NJ 08060

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 518-2015
COURT HOURS

DATE: OCTOBER 25, 2010
RE: XDS LEASING INC VS ADVANCED MEDICAL SOLUTIONS OF D
DOCKET: BUR L -003817 10

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS 300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS: HON M D. RICHMOND

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM 003
AT: (609) 518-2820.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: NICOLA G. SUGLIA
FLEISCHER & FLEISCHER
FLEISCHER FLEISCHER & SUGLIA
PLAZA 1000 AT MAIN ST SUITE 208
VOORHEES NJ 08043-4633

JUCHIMD

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| | | |
|---|---|---|
| ATTORNEY / PRO SE NAME<br>Jaclyn Scarduzio Dopke | TELEPHONE NUMBER<br>(856) 489-8977 | COUNTY OF VENUE<br>Burlington |
| FIRM NAME (if applicable)<br>Fleischer, Fleischer & Suglia | | DOCKET NUMBER (when available)<br>BUR-L-3517-10 |
| OFFICE ADDRESS<br>Plaza 1000 at Main Street, Suite 208<br>Voorhees, NJ 08043 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ☐ YES ■ NO |

| | |
|---|---|
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>IDB Leasing, Inc. | CAPTION<br>IDB Leasing, Inc. v Advanced Medical Solutions of Doylestown, Inc. and Todd Broad |
| CASE TYPE NUMBER (See reverse side for listing)<br>599 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ NO | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ YES ■ NO | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS |
| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? | ☐ YES ■ NO |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

N/A

RECEIVED
2010 OCT 22 A 11:26
DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



Side 2

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

Centrally Managed Litigation (Track IV)
- 280 Zelnorm
- 285 Stryker Trident Hip Implants
- 288 Prudential Tort Litigation

Mass Tort (Track IV)
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category

☐ Verbal Threshold ☐ Putative Class Action ☐ Title 59

Effective 07/01/2010, CN 10517-English



Side 2

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

Centrally Managed Litigation (Track IV)
- 280 Zelnorm
- 285 Stryker Trident Hip Implants
- 288 Prudential Tort Litigation

Mass Tort (Track IV)
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category

☐ Verbal Threshold ☐ Putative Class Action ☐ Title 59

FLEISCHER, FLEISCHER & SUGLIA
BRIAN M. FLEISCHER, ESQUIRE
NICOLA G. SUGLIA, ESQUIRE
JACLYN SCARDUZIO DOPKE, ESQUIRE
Plaza 1000 at Main Street, Suite 208
Voorhees, NJ 08043
(856) 489-8977

Attorneys for Plaintiff

DEPUTY CLERK
SUPERIOR COURT
BURLINGTON COUNTY

2010 OCT 22 A 11:26
RECEIVED & filed

| | |
|---|---|
| IDB Leasing, Inc., | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY- LAW DIVISION |
| Plaintiff, | CIVIL ACTION |
| v. | DOCKET NO.: BUR-L-3517-10 |
| Advanced Medical Solutions of Doylestown, Inc. and Todd Broad | COMPLAINT |
| Defendants. | |

Plaintiff, IDB Leasing, Inc., ("Plaintiff"), with a place of business located at 1350 Broadway, New York, New York 10018, hereby files this Complaint against Defendants, Advanced Medical Solutions of Doylestown, Inc. and Todd Broad and in support thereof, states the following:

## COUNT I

1. Defendant, Advanced Medical Solutions of Doylestown, Inc. ("Lessee"), is, upon information and belief, an entity with a principal place of business located at 54 East Oakland Ave, Doylestown, PA 18913.

2. Defendant, Todd Broad ("Guarantor"), is, upon information and belief, an adult individual conducting business at 54 East Oakland Ave, Doylestown, PA 18913.

3. On or about September 26, 2008, Lessee entered into an Equipment Lease Agreement (the "Lease") with Plaintiff, pursuant to which the Lessee leased certain equipment (the "Leased Equipment") for a period of sixty-six (66) months at varying monthly rates as set forth in the Lease. See a true and correct copy of the Lease with a description of the Leased Equipment attached hereto as Exhibit "A" and incorporated herein by reference.

4. Contemporaneous with the execution of the Lease and as and additional inducement, Guarantor executed a Personal Guaranty wherein he unconditionally agreed to guaranty all payments and obligations of the Lessee under the Lease. See Exhibit "A".

5. Jurisdiction and venue are proper in the State of New Jersey pursuant to the Personal Guaranty and paragraph nineteen (19) of the Lease.

6. The Defendants agreed to pay the lease payments reflected in the Lease and the Lease payments are fair and reasonable.

7. The Defendants have failed to make the monthly payments due to Plaintiff under the Lease.

8. The failure to make the monthly lease payments constitutes a default under the Lease and therefore the total amount due under the Lease has been accelerated and the amounts owed by the Defendants under the terms and conditions of the Lease are as follows:

| | |
|---|---|
| Accelerated Balance | $ 90,913.43 |
| Sales Tax | $ 5,454.80 |
| Residual Value of Equipment | $ 8,880.00 |
| Sales Tax | $ 532.80 |
| Late Charges | $ 2,032.00 |
| Interest (through October 10, 2010) | $ 10,000.47 |
| Court Costs | $ 200.00 |
| Attorney's Fees (25%) | $ 29,453.38 |
| TOTAL DUE TO PLAINTIFF | $146,466.88 |

9. All credits, if any, to which the Defendants are entitled, are set out above.

10. Despite frequent demands, the Defendants have failed, neglected and continues to fail or neglect to pay Plaintiff the sum of $146,466.88 or any part thereof.

WHEREFORE, Plaintiff, IDB Leasing, Inc., respectfully requests this Honorable Court to grant judgment in its favor and against the Defendants, Advanced Medical Solutions of Doylestown, Inc. and Todd Broad, jointly, severally and collectively in the amount of $146,466.88, plus interest, court costs and additional attorneys' fees, and grant such other and further relief as this Court deems just and proper.

**COUNT II**
**Quantum Meruit**

11. Paragraphs 1 through 10 above are incorporated herein by reference and made a part hereof.

12. To the extent that Defendants have benefited from the services of Plaintiff without having paid for them, Defendants have become unjustly enriched at Plaintiff's expense.

WHEREFORE, Plaintiff, IDB Leasing, Inc., respectfully requests this Honorable Court to grant judgment in its favor and against the Defendants, Advanced Medical Solutions of Doylestown, Inc. and Todd Broad, jointly, severally and collectively in the amount of $146,466.88, plus interest, court costs and additional attorneys' fees, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Jaclyn Scarduzio Dopke, Esquire
Fleischer, Fleischer & Suglia
Attorneys for Plaintiff

Dated:

## CERTIFICATION

Pursuant to R.4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration proceeding; and no other actions or arbitration proceeding is contemplated. At this time, the Plaintiff knows of no other party who should be joined in this action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Nicola G. Suglia, Esquire, is hereby designated as trial counsel for the Plaintiff.

Jaclyn Scarduzio Dopke, Esquire
Fleischer, Fleischer & Suglia
Attorneys for Plaintiff

Dated:

*EXHIBIT "A"*

# EQUIPMENT LEASE AGREEMENT

## FLEETWOOD FINANCIAL, A DIVISION OF IDB LEASING, INC.

NOTICE: THIS IS A NON-CANCELABLE, BINDING CONTRACT CONSISTING OF ALL TERMS ON BOTH SIDES. IT CONTAINS IMPORTANT TERMS AND CONDITIONS AND HAS LEGAL AND FINANCIAL CONSEQUENCES TO YOU. PLEASE READ IT CAREFULLY.

DESCRIPTION OF EQUIPMENT (include make, model, serial no. and all attachments). Lessee authorizes Lessor to reflect any reconfiguration of the Equipment by altering the Description of Equipment as described herein or on an Exhibit "A" (Schedule of Equipment)

(1) Harmony XL Laser System
(1) MediX Microdermabrasion
(1) Cryo Chiller

SCHEDULE OF RENTAL PAYMENTS

| TERM OF LEASE (IN MONTHS) | TOTAL NUMBER OF RENTAL PAYMENTS | PURCHASE OPTION | AMOUNT OF EACH PAYMENT | ADVANCE RENTAL |
|---|---|---|---|---|
| Sixty-Six (66) Months | Sixty-Six (66) | ☒ Fair Market Value In Continued Use<br>☐ $1.00 Buyout<br>☐ Other | Payments 1-3: $0.00;<br>Payments 4-6: $100.00<br>Payments 7-66: $1,917.00<br>(Does Not Include Applicable Taxes) | N/A |

PAYMENT FREQ. ☒ Monthly ☐ Quarterly ☐ Annual ☐ Other

LESSEE (COMPLETE LEGAL NAME. If a corporation, use EXACT registered corporate name.)

Company Name
Advanced Medical Solutions of Doylestown, Inc.

| Billing Address | Equipment Location (if different than billing address) |
|---|---|
| 54 E. Oakland Ave | |
| Doylestown, PA 18901 | |

1. TERM AND RENTAL. Lessee agrees to lease the Equipment described above from Fleetwood Financial, a division of IDB Leasing, Inc. ("Lessor"). Subject to the conditions hereinafter placed and on the reverse side hereof, this lease shall be for the term above stated, commencing as of the date that the Equipment is delivered and accepted by Lessee. Lessee agrees to pay the total rental for the term, which shall be the total amount of all rental payments stated above, plus such additional rentals as may arise. Advance rentals paid by Lessee shall not be refundable to Lessee in the event the term of this lease does not commence. All monthly payments of rental shall be payable in advance on the commencement date of this lease and on the same day of each month thereafter and sent to the address directed by Lessor. If any rental payment or other amount payable hereunder is not received by Lessor on the due date, the Lessee will pay a late charge of 10% of such late payment (or the highest permitted by applicable law). Lessee agrees to pay a charge of $50.00 for any check which is returned for insufficient funds or other reasons. Lessee authorizes Lessor to adjust the rental payments due under this Lease by not more than 15% in the event that the purchase price for the Equipment or any tax due thereon is different than the purchase price originally anticipated by the Lessor.

2. ORDERING EQUIPMENT; LESSOR'S RIGHT TO TERMINATE BEFORE ACCEPTANCE. Lessee requests Lessor to purchase the Equipment from a seller (the "Seller") and arrange for delivery to Lessee at Lessee's expense. Lessor shall have no responsibility for delay or failure of Seller to deliver the Equipment. If within 120 days from the date Lessor orders the Equipment, same has not been delivered, installed and accepted by Lessee (in form satisfactory to Lessor), Lessor may thereafter, at any time, on 10 days' written notice to Lessee, terminate this Lease and its obligations to Lessee.

3. COMPLETION OF LEASE. Lessee is authorized to complete or correct this Lease, even though previously signed by Lessee, by the insertion or correction of serial numbers, [illegible] numbers or designations and/or other identifying references to the Equipment. The Lessee acknowledges and agrees that clerical errors shall not affect the validity of this agreement and Lessor shall be entitled to unilaterally correct the same.

4. NO WARRANTIES BY LESSOR. LESSOR IS NOT THE MANUFACTURER OR A DEALER IN THE EQUIPMENT, AND MAKES NO REPRESENTATIONS OR WARRANTIES OF ANY KIND OR NATURE, EXPRESS OR IMPLIED, AS TO ANY MATTER WHATSOEVER, INCLUDING THE SUITABILITY OF SUCH EQUIPMENT, ITS DURABILITY, ITS FITNESS FOR ANY PARTICULAR PURPOSE, ITS MERCHANTABILITY, ITS CONDITION, CAPACITY AND/OR ITS QUALITY, AND AS BETWEEN LESSEE AND LESSOR AND LESSOR'S ASSIGNEES, LESSEE LEASES THE EQUIPMENT "AS IS". LESSEE HAS SELECTED THE EQUIPMENT LEASED HEREUNDER PRIOR TO HAVING REQUESTED LESSOR TO PURCHASE THE SAME FOR LEASING TO LESSEE. LESSOR AND LESSOR'S ASSIGNEES SHALL NOT BE LIABLE TO LESSEE FOR ANY LOSS, DAMAGE OR EXPENSE OF ANY KIND OR NATURE CAUSED DIRECTLY OR INDIRECTLY BY THE EQUIPMENT OR BY ANY INTERRUPTION OF SERVICE OR LOSS OF USE THEREOF OR FOR ANY LOSS OF BUSINESS. REGARDLESS OF CAUSE, LESSEE WILL NOT ASSERT ANY CLAIM WHATSOEVER AGAINST LESSOR FOR LOSS OF ANTICIPATORY PROFITS OR ANY OTHER DIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES, NOR SHALL LESSOR BE RESPONSIBLE FOR ANY DAMAGES OR COSTS WHICH MAY BE ASSESSED AGAINST LESSEE IN ANY ACTION FOR INFRINGEMENT OF ANY PATENT OR COPYRIGHT. NO REPRESENTATION OR WARRANTY AS TO THE EQUIPMENT OR ANY OTHER MATTER BY SELLER TO LESSEE SHALL BE BINDING ON LESSOR NOR SHALL ANY BREACH BY SELLER RELIEVE LESSEE OF, OR IN ANY WAY REDUCE, ANY OF LESSEE'S OBLIGATIONS TO LESSOR AS SET FORTH HEREIN. LESSOR SHALL HAVE NO OBLIGATION TO INSTALL, MAINTAIN, TEST, ADJUST OR SERVICE THE EQUIPMENT. If the Equipment is not properly installed, does not operate as represented or warranted by Seller or manufacturer or is unsatisfactory for any reason, Lessee shall make any claim on account thereof solely against the Seller or manufacturer and shall nevertheless pay Lessor all rent payable under this Lease. Lessor hereby assigns to Lessee, solely for the purpose of making and prosecuting any such claim, any rights it may have against Seller or manufacturer for breach of warranty or representation respecting the Equipment. LESSEE UNDERSTANDS AND AGREES THAT NEITHER SELLER NOR ANY AGENT OR EMPLOYEE OF SELLER IS AN AGENT OF LESSOR OR IS AUTHORIZED TO WAIVE OR ALTER ANY TERM OR CONDITION OF THIS LEASE. LESSOR MAKES NO WARRANTY AS TO THE TREATMENT OF THIS LEASE FOR TAX OR ACCOUNTING PURPOSES.

LEASE AGREEMENT CONTINUES ON REVERSE SIDE→→

The person signing below certifies that (1) he/she is authorized to sign this lease and that the Lessee and (2) the additional terms and conditions on the reverse side have been read by the Lessee and are hereby made a part hereof. Lessor hereby agrees to lease to Lessee, and Lessee hereby agrees to lease and rent from Lessor the Equipment described above or on any exhibit attached hereto, for the term and rental payments set forth herein, all subject to the terms and conditions of this Equipment Lease.

| Signature | Date | Telephone No. (Area Code) |
|---|---|---|
| X [signature] | 9/26/08 | |

Print Name & Title

PERSONAL GUARANTY

To induce the Lessor to make this Lease and purchase the equipment for the Lessee, knowing that the Lessor is relying on this guaranty as a precondition to making the Lease, I (or if more than one, then all of us, jointly and severally) INDIVIDUALLY, PERSONALLY, ABSOLUTELY AND UNCONDITIONALLY GUARANTY to the Lessor (and any person or firm the Lessor may transfer its interest to) all payments and other obligations owed by the Lessee to the Lessor under the Lease and any addenda thereto and future leases between Lessor and Lessee, including but not limited to the Lessor's attorney's fees and legal costs incurred in enforcing the Lease. I will also pay all reasonable costs and fees incurred by the Lessor in enforcing this Guaranty. I waive notice of demand and notice of default, and I agree that the Lessor may proceed directly against me without first proceeding against the Lessee or the security (including the equipment). I FREELY CONSENT TO PERSONAL JURISDICTION IN THE NEW JERSEY COURTS AND I WAIVE TRIAL BY JURY. This Guaranty will bind my heirs, representatives and successors.

| Signature (Individually, No Title) Date | Signature (Individually, No Title) Date |
|---|---|
| X [signature] | X |
| Guarantor #1 Name and Home Address (Please Print)<br>Todd Brosd 54 East Oakland Ave, Doylestown, PA 18901 | Guarantor #2 Name and Home Address (Please Print) |

ELECTRONIC PAYMENTS

Lessee requests and authorizes Lessor or any assignee to initiate debit and/or credit entries for all amounts due in connection with this Lease to the Depository Account designated below ("Account"). Lessee authorizes the Depository Financial Institution ("Bank") named below to debit and/or credit same to such account. This authority is to remain in full force and effect until Lessor has received written notice (return receipt requested) from Lessee of Lessee's termination in such time and manner as to afford Lessor and Bank a reasonable opportunity to act on it.

| Bank | Bank Address |
|---|---|
| WACHOVIA | Doylestown PA 18901 |
| Account No.<br>200-131[illegible]5153 | Bank's ABA Routing No. (9 Digits)<br>031[illegible]0503 |
| Lessee's Signature<br>X [signature] Date 9/26/2008 | |

5. DELIVERY AND ACCEPTANCE. Lessee shall inspect the Equipment within five (5) business days after delivery. [illegible] Equipment. [illegible]

6. TITLE; QUIET ENJOYMENT. Lessor shall at all times retain title to the Equipment, [illegible] hereunder Lessee shall quietly use and enjoy the Equipment subject to the terms hereof.

7. NET LEASE; TAXES. Lessee shall pay all [illegible] required by Lessor, the taxes that Lessor anticipates will be due during the year.

8. CARE, USE AND LOCATION. Lessee, at its own cost and expense, shall maintain and keep the Equipment in good repair, condition and working order, [illegible] location shown, without Lessor's written consent. Lessor shall have the right to inspect the Equipment at any reasonable time.

9. INDEMNIFICATION. Lessee hereby indemnifies and agrees to hold Lessor, its agents, employees, officers, directors, successors and assigns, harmless from and against any and all liabilities, obligations, losses, damages, injuries, claims, penalties, actions, costs and expenses of whatsoever kind and nature, including reasonable attorneys' fees, arising out of the use, condition (including, but not limited to, latent and other defects and whether or not discoverable by Lessee or Lessor), operation, ownership, selection, delivery, leasing, or return of any item of Equipment, regardless of where, how and by whom operated, or any failure on the part of Lessee to perform or comply with any conditions of this Lease. The indemnities provided for herein shall continue in full force and effect notwithstanding the expiration or other termination of this Lease.

10. OTHER COVENANTS AND WARRANTIES OF LESSEE. Lessee agrees that its obligations under the Lease are absolute and shall continue in full force and effect regardless of any disability of Lessee to use the Equipment or any part thereof because of any reason including, but not limited to, war, act of God, governmental regulations, strike, loss, damage, destruction, obsolescence, failure of the Equipment to properly operate, operation of law, or any other cause. Lessee agrees to procure for Lessor such [illegible] and [illegible] waivers, or other similar documents as Lessor may reasonably request. Lessee warrants that the Equipment will be used solely for business purposes. Lessee agrees to promptly deliver to Lessor the annual financial statements of Lessee, certified by independent certified public accountant, and such interim financial statements of Lessee as Lessor may reasonably require.

11. PERFORMANCE BY LESSOR OF LESSEE'S OBLIGATIONS. In the event Lessee fails to comply with any provision of the Lease, Lessor shall have the right, but shall not be obligated, to effect such compliance, on behalf of Lessee upon ten (10) days prior written notice to Lessee. In such event, all monies expended by, and all expenses of Lessor in effecting such compliance shall be deemed to be additional rental, and shall be paid by Lessee to Lessor at the time of the next payment of rent.

12. RISK OF LOSS. Lessee hereby assumes the entire risk of loss, damage or destruction to the Equipment from any cause or occurrence whatsoever. In the event of loss, damage or destruction of any item of Equipment, Lessee at its expense and at Lessor's option, shall either (a) repair such item, returning it to its previous condition, unless irreparable, or (b) replace such item with a like item acceptable to Lessor and in good condition and of [illegible] value, which shall become the property of Lessor and included within the term "Equipment," or (c) pay Lessor the amount specified in Section 15(a) below. Upon payment or replacement as provided for in clauses (b) or (c) hereof, this Lease shall terminate with respect to the items of Equipment so paid for or replaced and Lessee shall take title to same on an as-is where-is basis.

13. INSURANCE. Lessee shall keep the Equipment insured against all risks of loss or damage from every cause whatsoever for not less than the replacement value of the Equipment, provided that the amount of such insurance shall be sufficient so that neither Lessor nor Lessee shall be considered a co-insurer. Lessee shall also carry public liability insurance covering both personal injury and property damage caused by the Equipment and shall name Lessor and its assignees as an additional insured and loss payee. All such insurance shall be in form and with companies satisfactory to Lessor. All casualty insurance shall provide that losses, if any, shall be payable to Lessor. Lessee shall furnish Lessor with such insurance policy(ies) or [illegible] thereof, or other evidence satisfactory to Lessor of the insurance coverage hereunder. Each insurer shall agree, by endorsement upon the policy or other [illegible] by it or by independent instrument furnished to Lessor, that it will give Lessor 30 days prior written notice of the effective date of any alteration or cancellation of such policy. Lessee hereby irrevocably appoints Lessor as Lessee's attorney-in-fact to make claim for, receive payment of and execute and endorse all documents, checks, or drafts received in payment for loss or damage under any such insurance policy.

14. DEFAULT. Each of the following events is a "Default" under this Lease: (a) Lessee shall fail to pay any rental payment or any other payment under the Lease when due, or (b) Lessee shall default in the payment when due of any indebtedness of Lessee to Lessor arising independently of this Lease and such default shall continue for 5 days, or (c) Lessee shall fail to perform any other agreement or obligation under this Lease and that failure continues for [illegible] days after written notice thereof to Lessee by Lessor, or (d) Lessee becomes insolvent or makes an assignment for the benefit of creditors, or (e) a receiver, trustee, conservator or liquidator is appointed for Lessee or all or a substantial part of its assets, or if a petition is filed by or against Lessee under the Bankruptcy Code or under any other insolvency law or laws providing for the relief of debtors, or (f) the Lessee shall merge or consolidate with any other entity, or dispose of a substantial part of its assets, or (g) any guarantor of this Lease dies, does not perform its obligations under the guaranty, or becomes subject to one of the events listed above.

15. REMEDIES. If a Default shall occur, Lessor may, at its option, at any time (a) declare the entire amount of unpaid rentals for the balance of the term hereof immediately due and payable, whereupon Lessee shall become obligated to pay to Lessor forthwith the present value of the remaining unpaid rentals for the full term of this Lease plus the value of Lessor's anticipated residual recovery discounted to the date of default at [illegible] per annum, together with any other amounts due or to become due under this Lease, plus interest on all amounts due at 12% per annum from the date of default to the date of payment, but in no event more than the maximum rate permitted by law, and (b) without demand or legal process, enter into the premises where the Equipment may be found and take possession of and remove the [illegible]

Equipment, without liability for such action or [illegible] [illegible] Equipment [illegible]

All remedies of Lessor hereunder are cumulative, are in addition to any other remedies provided by law, and may, to the extent permitted by law, be exercised concurrently or separately. The exercise of any one remedy shall not be deemed to be an election of such remedy or to preclude the exercise of any other remedy. No failure on the part of the Lessor to exercise and no delay in exercising any right or remedy shall operate as a waiver thereof or modify the terms of this Lease. A waiver of any one default shall not be deemed a waiver of any other or subsequent default.

16. ASSIGNMENT. LESSEE MAY NOT ASSIGN, SELL, TRANSFER OR SUBLEASE THE EQUIPMENT OR ANY INTEREST IN THIS LEASE. Lessee acknowledges that Lessor may assign this Lease, the rentals due hereunder, and [illegible] a security interest in the Equipment without the consent of Lessee. LESSEE AGREES THAT NO ASSIGNEE OF LESSOR SHALL BE BOUND TO PERFORM ANY DUTY, COVENANT, CONDITION OR WARRANTY (EXPRESS OR IMPLIED) ATTRIBUTABLE TO LESSOR AND LESSEE FURTHER AGREES NOT TO ASSERT AS AGAINST ASSIGNEE ANY CLAIM OR DEFENSE ARISING OUT OF THIS LEASE OR OTHERWISE WHICH IT MAY HAVE AGAINST LESSOR AS A DEFENSE, COUNTERCLAIM OR OFFSET AGAINST ASSIGNEE.

17. PURCHASE OPTION; AUTOMATIC RENEWAL; REDELIVERY. If no Default exists under the Lease, the Lessee will have the option at the end of the initial or any renewal term to purchase all (but not less than all) of the Equipment at the Purchase Option price shown on the front of this Lease, plus any applicable taxes. Unless the Purchase Option price is $1.00, Lessee must give Lessor at least 90 days written notice before the end of the initial Lease term, or any renewal term, that Lessee intends to purchase the Equipment, or that the Equipment will be returned to Lessor. If Lessee fails to give such written notice or fails to purchase or redeliver the Equipment in accordance with the terms of this Lease, this Lease will automatically renew for successive 90-day renewal terms. During such renewal term(s) the rental payments hereunder will remain the same. Lessor may cancel any automatic renewal term by giving Lessee written notice 10 days prior to such renewal term. If the Fair Market Value Purchase Option has been selected, Lessor will use its reasonable judgment to determine the Equipment's in use and in place Fair Market Value. If Lessee contests the Lessor's determination of the Fair Market Value, the Fair Market Value of the Equipment, in use and in place, will be determined at the expense of the Lessee by an independent appraiser selected by Lessor. Lessor shall transfer its interest in the Equipment to Lessee AS-IS WHERE-IS WITHOUT ANY REPRESENTATION OR WARRANTY WHATSOEVER AND THIS LEASE WILL TERMINATE.

If Lessee does not purchase the Equipment at the end of the Lease term, or any renewal term, Lessee shall return the Equipment, freight prepaid, to Lessor in good repair, condition and working order, ordinary wear and tear resulting from proper use thereof only excepted, in a manner and to a location reasonably designated by Lessor. Lessee shall cause the Equipment to be certified for a continuing standard maintenance agreement at standard pricing by the manufacturer.

18. FINANCE LEASE. If Article 2A of the Uniform Commercial Code applies to this Lease, the Lessee agrees that this Lease will be considered a "Finance Lease" as that term is defined in Article 2A. Lessee acknowledges that it has either (a) reviewed, approved and received a copy of the Supply Contract with the Seller, or (b) that Lessor has informed Lessee of the identity of the Seller and Lessee is aware that it may have rights under the Supply Contract with the Seller. TO THE EXTENT PERMITTED BY APPLICABLE LAW, LESSEE WAIVES ANY AND ALL RIGHTS AND REMEDIES PROVIDED TO A LESSEE BY ARTICLE 2A.

19. GOVERNING LAW; JURISDICTION AND VENUE. This Lease shall be binding when accepted by Lessor in the State of New Jersey and except for local recording acts, shall be governed by the laws of the State of New Jersey. Lessee agrees that the negotiation and acceptance of this Lease have taken place in the State of New Jersey and that by entering into this Lease, Lessee hereby consents to the jurisdiction and venue of any Federal or State Court located in the State of New Jersey, for all actions arising out of this Lease. LESSEE WAIVES TRIAL BY JURY IN ANY ACTION BETWEEN THE PARTIES. Nothing contained herein is intended to preclude Lessor from commencing any action hereunder in any court having jurisdiction thereof.

20. MISCELLANEOUS. If Lessor agrees, a facsimile version of this Lease, executed by Lessee, shall constitute an original which is binding and enforceable in every respect. Any provision of this Lease which is deemed unenforceable in any jurisdiction shall, as to such jurisdiction be ineffective to the extent of such unenforceability without invalidating the remaining provisions hereof. This Lease inures to the benefit of and is binding upon the heirs, personal representatives, successors and assigns of the parties hereto. Time is of the essence of this Lease. Service of all notices under this Lease shall be sufficient if given personally or mailed to any party at its respective address set forth herein, or at such other address as said party may provide in writing from time to time. Any such notice mailed to said address shall be effective when deposited in the United States mail, duly addressed and with postage prepaid. If more than one Lessee is named in this Lease, the liability of each shall be joint and several. This Lease is not binding on Lessor until it is accepted and signed by Lessor. This Lease contains the entire agreement between the parties with respect to the lease of the Equipment, and may not be altered, modified or terminated, [illegible] by a writing signed by the party against whom such alteration, modification or termination is sought.

ACCEPTED BY LESSOR:
FLEETWOOD FINANCIAL, A Division of IDB Leasing, Inc.

By: [signature]
Richard A. Frank

Title: Executive Vice President

Date: 9/26/08

Lease No.: 6596-000